## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.P. MORGAN MORTGAGE ACQUISITION CORP.,<br><br>PLAINTIFF,<br><br>V.<br><br>BISHOP RUBEN DEWAYNE, and LEITTA BROOKS,<br><br>DEFENDANTS. | Civil Action No. _____ |

## <u>VERIFIED COMPLAINT TO FORECLOSE</u>
## <u>PURSUANT TO M.G.L. c. 244, § 1</u>

### <u>PARTIES</u>

1. Plaintiff J.P. Morgan Mortgage Acquisition Corp. ("JPMMAC") is a Delaware corporation with a principal place of business located in New York, New York.

2. JPMMAC is a wholly-owned subsidiary of JPMorgan Chase Bank, N.A. ("Chase").

3. Chase is a National Association federally chartered with the Office of the Comptroller of Currency of the United States.

4. Defendant Bishop Ruben DeWayne ("DeWayne") is an individual who, upon information and belief, resides at 5105 N. Main Street Bld. A., Columbia, South Carolina, 29203.

5. Defendant Leitta Brooks ("Brooks") is an individual who, upon information and belief, resides at 32 Crooked River Road, Wareham, Massachusetts, 02571.

6. The property that is the subject of this Complaint to Foreclose is located at 53 Charlotte Street, Dorchester, Massachusetts 02121 ("53 Charlotte").

### <u>JURISDICTION AND VENUE</u>

7. There is complete diversity among the Parties to this action.

Reviewer ID: Alicia_Hernandez_2023-06-06_16:02:54

8.  The mortgage encumbering 53 Charlotte secures a debt in the original principal amount of $500,000. In addition, an exterior broker price opinion obtained by Chase on or about March 20, 2023 indicates that 53 Charlotte's value exceeds $75,000.

9.  Because the parties are diverse and the amount in controversy exceeds $75,000, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

10. Venue is proper in the United States District Court for the District of Massachusetts, Eastern Division, because 53 Charlotte—the property encumbered by the mortgage Plaintiffs seek to foreclose—is located in this District's Eastern Division.

<u>BACKGROUND</u>

11. On May 11, 2007, in return for a loan that she received, Brooks executed a note ("Note") in favor of First National Bank of Arizona ("FNB Arizona") in the amount of $500,000, with interest. Per the Note, the loan was to be repaid by monthly installments of principal and interest. A copy of the Note, in the form it currently exists, is attached as Exhibit A.[1]

12. On May 11, 2007, to secure repayment of the loan evidenced by the Note to First National Bank of Arizona, Brooks executed a mortgage (the "Mortgage" and together with the Note and the debt secured by the Mortgage, the "Mortgage Loan") by which she mortgaged, granted, and conveyed 53 Charlotte to Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for FNB Arizona and to the successors and assigns of FNB Arizona and to the successors and assigns of MERS, with the power of sale. A copy of the Mortgage is attached as Exhibit B.

13. The Mortgage was recorded in the Suffolk County Registry of Deeds on May 14, 2007 at Book 41790, Page 118.

14. Prior to June 30, 2008, the First National Bank of Nevada ("FNB Nevada") and FNB Arizona were both affiliates of and owned by First National Bank Holding Company of Scottsdale, Arizona. *See* Exhibit C, Office of Inspector General, Department of the Treasury, *Audit Report, SAFETY AND SOUNDNESS: Material Loss Review of First National Bank of Nevada and First Heritage Bank, National Association* (Feb. 27, 2009), at Page 1 (available at: https://oig.treasury.gov/sites/oig/files/2021-01/oig09033.pdf (last accessed April 24, 2023)). On May 8, 2007, the Office of the Comptroller of the Currency had approved the merger of FNB Arizona into FNB Nevada, and the merger was completed on June 30, 2008. *See id.*, at Pages 41-42, Appendix 4, Chronology of Significant Events.

15. On June 1, 2007, JPMMAC and FNB Nevada entered into a Mortgage Loan Purchase Agreement ("MLPA") by which JPMMAC purchased certain mortgage loans owned by

---

[1] Personal identifying information has been redacted from all exhibits attached to this Complaint to Foreclose.

2

*ACTIVE 687851528v1*

Reviewer ID: Alicia_Hernandez_2023-06-06_16:02:54

FNB Nevada, including the Mortgage Loan, from FNB Nevada. A copy of the MLPA is attached as Exhibit D.

16.  Pursuant to the MLPA, on June 26, 2007, FNB Nevada executed an "Assignment and Conveyance" providing, in part, that FNB Nevada, "as the Seller, under that certain Mortgage Loan Purchase Agreement, dated as of June 1, 2007 . . . does hereby sell, transfer, assign, set over and convey to J.P. Morgan Mortgage Acquisition Corp., as Purchaser under the [MLPA] all rights, title, and interest of the Seller in and to the Mortgage Loans listed on the Mortgage Loan Schedule attached hereto, and the related Mortgage Files and all rights and obligations arising under the documents contained therein." A copy of the Assignment and Conveyance is attached as Exhibit E.

17.  JPMMAC's purchase of mortgage loans from FNB Nevada included the Mortgage Loan. The Mortgage Loan is listed on the Settlement Schedule at Line 123 and is identified by borrower name (Brooks), Original Balance ($500,000), Servicer Loan ID (xxxxxx2923), and Loan ID (xxxxxx4217). A copy of the Settlement Schedule is attached as Exhibit F.

18.  The Mortgage Loan is also identified on the Exhibit to the Assignment and Conveyance, where is it identified by Loan Number (xxxxxx4217), Lender ("First National Bank of Arizona"), borrower name (Brooks), original loan amount ($500,000), note origination date (May 11, 2007), and maturity date (June 1, 2037). A copy of the Exhibit to the Assignment and Conveyance is attached as Exhibit G.

19.  JPMMAC obtained possession of the original Note on or about June 14, 2007.

20.  JPMMAC has maintained possession of the Note from the time it took possession of the Note until the present.

21.  Pursuant to the MLPA, servicing of the Mortgage Loan transferred to Chase effective August 1, 2007.

22.  Chase or Chase Home Finance, LLC has serviced the Mortgage Loan on behalf of JPMMAC since August 1, 2007.

23.  Chase's custody services confirmed on or about August 18, 2014 that the collateral file, which includes original documents related to the Mortgage Loan, contained an allonge to the Note ("Allonge") bearing an endorsement in blank, and without recourse. The endorsement on the Allonge states that it was executed by an officer of Chase under Power of Attorney and states: "JPMorgan Chase Bank, N.A., Successor by Merger to Chase Home Finance, LLC S/B/M to Chase Manhattan Mortgage Corporation Attorney in Fact for Wells Fargo Bank, N.A., S/B/M to Wells Fargo Bank of Arizona, N.A., F/K/A First Interstate Bank of Arizona N.A. F/K/A First National Bank of Arizona." A copy of the Note and Allonge is attached as Exhibit H.

24.  The endorsement on the Allonge is an "anomalous" endorsement within the meaning of the Uniform Commercial Code ("UCC") because the "First National Bank of Arizona" that was succeeded by the First Interstate Bank of Arizona, and then by the Wells Fargo

*ACTIVE 687851528v1*

Reviewer ID: Alicia_Hernandez_2023-06-06_16:02:54

entities listed in the signature block of the Allonge, no longer existed at the time the Mortgage Loan was originated by FNB Arizona. *See* Mass. Gen. Laws c. 106, § 3-205(d) (defining an "anomalous" endorsement as one "made by a person who is not the holder of the instrument").

25.     Specifically, the First National Bank of Arizona referenced in the Allonge was established in 1877. It changed its name to "Wells Fargo Bank of Arizona, National Association" on June 1, 1996, then "[m]erged and became part of Wells Fargo Bank, National Association" on September 1, 1996.

26.     A separate banking entity that also came to be known as "First National Bank of Arizona" was established in 1989 under the original name of "Rocky Mountain Bank."

27.     On January 31, 2001, Rocky Mountain Bank became a member of the Federal Reserve System and changed its name to First National Bank of Arizona.

28.     Accordingly, the Mortgage Loan was originated on May 11, 2007 by First National Bank of Arizona which was F/K/A Rocky Mountain Bank (*i.e.*, FNB Arizona).

29.     FNB Arizona merged with FNB Nevada on June 30, 2008.

30.     On July 25, 2008, FNB Nevada was closed by the Office of the Comptroller of the Currency ("OCC"), and the Federal Deposit Insurance Corporation ("FDIC") was named Receiver. *See* FDIC Failed Bank Information for First National Bank of Nevada (available at https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/fnbnv.html (last accessed April 24, 2023)).

31.     On or before December 20, 2022, Chase struck through the "anomalous" endorsement on the Allonge and removed the Allonge from the Note. An imaged copy of the Allonge depicting the strike-through added by Chase is attached hereto as Exhibit I.

32.     On or before January 23, 2023, the FDIC as Receiver for First National Bank of Nevada, Reno, NV f/k/a First National Bank of Arizona executed an allonge (the "FDIC Allonge") specially endorsing the Note to JPMMAC.

33.     The FDIC Allonge was deposited to the collateral file on or about February 13, 2023. The FDIC Allonge is attached (affixed) to the Note. *See* Exhibit A.

34.     Chase, in its capacity as servicer for JPMMAC, is maintaining physical custody of the Note, with the attached (affixed) FDIC Allonge, through its subsidiary J.P. Morgan Chase Custody Services, Inc., on behalf of JPMMAC.

35.     As the Note's owner pursuant to the MLPA, JPMMAC has at all times relevant hereto been its "holder", and therefore entitled to enforce the Note, for purposes of Massachusetts foreclosure law. *See Eaton v. Fed. Nat'l Mortg. Ass'n*, 462 Mass. 569, 571 n.2 (explaining that the person or entity "owning the 'mortgage note' is the "note holder").

4

Reviewer ID: Alicia_Hernandez_2023-06-06_16:02:54

36.   Moreover, and at all times from the time Chase, in its capacity as servicer for JPMMAC, came into possession of the Note up through its receipt of the FDIC Allonge, JPMMAC has been the owner of the Mortgage Loan and had the right to enforce the Note under the UCC as a "nonholder in possession of the instrument who has the rights of a holder." *See* Mass. Gen. Laws c. 106, § 3-301(ii).

37.   By virtue of the FDIC Allonge specially endorsing the Note to JPMMAC, JPMMAC is now also the Note's holder under the UCC. *See* Mass. Gen. Laws c. 106, § 1-201(21)(A) (defining the term "holder" for purposes of the UCC).

38.   On September 8, 2014, MERS, as Nominee for First National Bank of Arizona, its Successors and Assigns, executed an Assignment of Mortgage (the "MERS Assignment") by which it conveyed, granted, assigned, transferred and set over the Mortgage to JPMMAC.  The MERS Assignment was recorded in the Suffolk County Registry of Deeds on September 22, 2014 at Book 53504, Page 72.  A copy of the MERS Assignment is attached as Exhibit J.

DEFAULT UNDER THE MORTGAGE

39.   Brooks defaulted on her Mortgage payments, and the Mortgage Loan is now in default by virtue of nonpayment of the monthly installments of principal and interest due on July 1, 2012 and each and every month due thereafter.

40.   By virtue of her default on Mortgage payments Brooks is also in default of her obligations under the Mortgage to insure 53 Charlotte and to pay real estate taxes as they come due.

41.   Chase, as servicer for JPMMAC, has been making escrow advances to pay real estate tax and insurance payments with respect to the Property since shortly after the date of default.

42.   In October 2015, Brooks executed a Quitclaim Deed purporting to convey 53 Charlotte to Dewayne for "consideration of Two Thousand Five and 00/100 ($2,500.00) [sic]."  The face of the Quitclaim Deed indicates that Brooks executed the document on October 14, 2015.  Despite the Quitclaim Deed's purported execution date of October 14, it was recorded with the Suffolk County Registry of Deeds on October 9, 2015 at Book 55167, Page 285.  A copy of the Quitclaim Deed is attached as Exhibit K.

43.   Brooks did not notify Chase prior to executing the Quitclaim Deed.

44.   Brooks did not obtain permission from Chase to convey 53 Charlotte to DeWayne.

45.   Brooks' conveyance of 53 Charlotte to DeWayne was in breach of the terms of the Mortgage and constitutes a separate default under the Mortgage.

46.   Brooks no longer has any ownership interest in 53 Charlotte.

5

Reviewer ID: Alicia_Hernandez_2023-06-06_16:02:54

47.   DeWayne is the current owner of record of 53 Charlotte.

48.   DeWayne is not a member of the military and is not entitled to the benefits of the Servicemembers Civil Relief Act.

49.   Beginning on July 30, 2012, Brooks and DeWayne have filed numerous *pro se* lawsuits in multiple jurisdictions challenging the validity of the Note, Mortgage, and Mortgage Loan, and challenging JPMMAC's right to exercise the power of sale in the Mortgage. While their lawsuits have been dismissed, and multiple dismissal orders have been affirmed by the First Circuit Court of Appeals, the repeat filing of meritless lawsuits has, thus far, prevented JPMMAC from exercising the power of sale in the Mortgage and conducting a nonjudicial foreclosure sale.

<u>JPMMAC'S ENTITLEMENT TO FORECLOSE</u>

50.   On August 4, 2016, Chase, as servicer for JPMMAC, caused to be mailed a Notice of 90-Day Right to Cure Your Mortgage Default to Brooks which included "If you fail to cure the default…Chase may accelerate the maturity of the Loan…". A copy of the Notice is attached as Exhibit L.

51.   Brooks failed to cure the default.

52.   On March 8, 2017, Harmon Law Offices, P.C., sent correspondence to Brooks advising that "the note is hereby accelerated and the entire balance is due and payable forthwith and without further notice." A copy of this correspondence is attached as Exhibit M.

53.   On December 7, 2018, Brooks filed a Chapter 7 Voluntary Petition in the United States Bankruptcy Court for the District of Massachusetts. *See In re. Brooks*, 18-bk-14559 (filed Dec. 7, 2018).

54.   On April 23, 2019, the United States Bankruptcy Court for the District of Massachusetts entered an Order of Discharge with respect to Brooks. Accordingly, Brooks is no longer personally liable for the Mortgage Loan debt. Nevertheless, the Mortgage remains a valid lien on 53 Charlotte and JPMMAC may avail itself of the remedies contained therein, including the power to foreclose and sell the property, if the debt remains unpaid or Brooks otherwise defaults on the terms of the Mortgage.

55.   On February 23, 2023, Chase, as servicer for JPMMAC, caused to be mailed an Acceleration Warning (Notice of Intent to Foreclose) to Brooks at the Property's address and at 32 Crooked River Road, Wareham, MA 02571-2201. A copy of the acceleration warning letter directed to each address is attached as Exhibit N.

56.   The Mortgage Loan has been and continues to be in default following the entry of the Order of Discharge.

*ACTIVE 687851528v1*

Reviewer ID: Alicia_Hernandez_2023-06-06_16:02:54

57. JPMMAC, through its mortgage servicer, Chase, has fulfilled all conditions precedent to foreclosure set forth in the Mortgage and under Massachusetts law.

58. In filing this Complaint for Foreclosure, neither JPMMAC, nor its mortgage servicer, Chase, is attempting to collect a debt that has been discharged in bankruptcy, but only acting to enforce the lien against 53 Charlotte.

COUNT I

59. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty-eight (58) as if fully set forth herein.

60. Brooks is in default of her obligations under the Mortgage.

61. JPMMAC seeks to foreclose the Mortgage to protect its interest as secured thereby for breach(es) of the conditions of the Mortgage.

**WHEREFORE,** Plaintiff J.P. Morgan Mortgage Acquisition Corp. demands judgment against the Defendants and seeks an Order of the Court:

1. authorizing J.P. Morgan Mortgage Acquisition Corp. and/or JPMorgan Chase Bank, N.A in its capacity as servicer of the Mortgage, to sell 53 Charlotte at a foreclosure auction pursuant to the provisions of the Mortgage and in accordance with Mass. Gen. Laws c. 244, § 14, with such sale subject to the final approval of this Court and with such Court approval to be in a form recordable with the Registry of Deeds; and

2. granting such other relief and further equitable relief that this Court deems appropriate.

*ACTIVE 687851528v1*

Reviewer ID: Alicia_Hernandez_2023-06-06_16:02:54

## PLAINTIFF'S VERIFICATION

I am over the age of eighteen (18) and I have been authorized to execute this Verification by JPMorgan Chase Bank, N.A., as Attorney-in-Fact for Plaintiff J.P. Morgan Mortgage Acquisition Corporation.   I have reviewed relevant business records of JPMorgan Chase Bank, N.A., including the Note, the Mortgage, and other loan documents along with  computer records which are the subject matter of this lawsuit, such records were made at or near the time by, or from information transmitted by, a person with knowledge of the information and/or events recorded therein or such records, if any, were acquired from the prior owner and/or servicer of the subject Mortgage Loan and incorporated into JPMorgan Chase Bank, N.A.'s business records, such records were kept in the course of the regularly conducted business activity of JPMorgan Chase Bank, N.A., and it was the regular practice of JPMorgan Chase Bank, N.A. to make, maintain, and rely on such records in the course of its business.  I have also reviewed certain records referenced in this Complaint that can be found in the Suffolk County Registry of Deeds associated with the property that is the subject of this action.

This Verification is based upon my personal knowledge obtained from my review of JPMorgan Chase Bank, N.A.'s business records .  I declare that I have read this Verified Complaint to Foreclose and I further certify that the facts stated herein are to the best of my knowledge true.

Signed under the pains and penalties of perjury, this 6th day of June, 2023.

**JPMorgan Chase Bank, N.A., Attorney-in-Fact for J.P. Morgan Mortgage Acquisition Corporation,**

By: Alicia Hernandez
Its: Authorized Signer

Brooks Loan # XXXXXX2923

*ACTIVE 687851528v1*

Reviewer ID: Alicia_Hernandez_2023-06-06_16:02:54

Dated: June 21, 2023

Respectfully submitted,

PLAINTIFF,

J.P. MORGAN MORTGAGE ACQUISITION CORP.

By their attorney,


_/s/ Michael E. Jusczyk_
Michael E. Jusczyk (BBO # 669893)
Michael.jusczyk@gtlaw.com
GREENBERG TRAURIG, LLP
One International Place Suite 2000
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001